IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| STEVIE WAYNE JOHNSON | § | |
| VS. | § | CIVIL ACTION NO. 9:13-CV-223 |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant, Stevie Wayne Johnson, a federal prisoner currently confined at the Seagoville Satellite Camp, proceeding *pro se*, filed a motion entitled "Independent Action in Equity, Pursuant to the District Courts Traditional Equitable Authority to Prevent a Miscarriage of Justice."

The Court referred this matter to the Honorable Keith Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends the motion be dismissed without prejudice for lack of jurisdiction as successive.[1]

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, and pleadings. Petitioner filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, however, the Court finds the objections lacking in merit. As outlined by the Magistrate Judge, this is not movant's first § 2255 motion. In order to file a second or successive § 2255 motion, a movant must comply with 28 U.S.C. § 2244(b)(3)(A) which requires authorization from the Fifth Circuit Court of Appeals before filing in the district

---

[1] Movant did not use a form application to file the present action. The Clerk of Court classified this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Magistrate Judge analyzed the present action under both 28 U.S.C. § 2255 and 28 U.S.C. § 2241. In his objections, movant clarifies that he did not intend to file the action under 28 U.S.C. § 2241.

court. The requirement that movant obtain authorization from the appellate court prior to filing in the district court is reinforced in (b)(4) which states, "(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section."[2]

Since movant has not applied to the Fifth Circuit for permission to file a successive motion under 28 U.S.C. § 2255, this court does not have jurisdiction to review his "miscarriage of justice" claims pursuant to 28 U.S.C. § 2255. The Court dismisses the motion without prejudice so that movant may seek a certificate of appealability from the Fifth Circuit.[3]

ORDER

Accordingly, the objections of petitioner are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

So **ORDERED** and **SIGNED** this 3 day of **May, 2014.**

_____
Ron Clark, United States District Judge

---

[2] "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
  (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
  (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."
28 U.S.C. § 2255(h).

[3] Even assuming this Court has the authority to use its equitable authority to prevent a miscarriage of justice as argued by movant, this Court will decline to do so. Movant has failed to present any *newly* discovered evidence that would create sufficient doubt about his guilt.